(Official Form 1)(12/02)

**United States Bankruptcy Court
Middle District of Pennsylvania**

**VOLUNTARY PETITION**

| Name of Debtor (if individual, enter Last, First, Middle): <br><br>**New World Pasta Company** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by Debtor in the last 6 years <br>(include married, maiden, and trade names): <br><br>**Hershey Pasta Manufacturing Co.** | All Other Names used by Joint Debtor in the last 6 years <br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all): <br><br>**52-2006441** | Soc. Sec./Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code): <br>**85 Shannon Road** <br>**Harrisburg, PA 17112** | Street Address of Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the <br>Principal Place of Business: <br>**Dauphin County, Pennsylvania** | County of Residence or of the <br>Principal Place of Business: |
| Mailing Address of Debtor <br>(if different from street address): | Mailing Address of Joint Debtor <br>(if different from street address): |
| Location of Principal Assets of Business Debtor    **Omaha, NE**    **St. Louis, MO**    **Harrisburg, PA** <br>(if different from addresses listed above)    **Fresno, CA**    **Winchester, VA** ||

**INFORMATION REGARDING DEBTOR (Check the Applicable Boxes)**

Venue (Check any applicable box)
- ☒ Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) <br>☐ Individual      ☐ Railroad <br>☒ Corporation    ☐ Stockbroker <br>☐ Partnership    ☐ Commodity Broker <br>☐ Other _____ | **Chapter or Section of Bankruptcy Code Under Which <br>the Petition Is Filed** (Check one box) <br>☐ Chapter 7    ☒ Chapter 11    ☐ Chapter 13 <br>☐ Chapter 9    ☐ Chapter 12 <br>☐ Sec. 304-Case ancillary to foreign proceeding |
|---|---|
| **Nature of Debts** (Check one box) <br>☐ Consumer/Non-Business    ☒ Business | **Filing Fee** (Check one box) <br>☒ Full Filing Fee attached. <br>☐ Filing Fee to be paid in installments (Applicable to individuals only) |
| **Chapter 11 Small Business** (Check all boxes that apply) <br>☐ Debtor is a small business as defined in 11 U.S.C. § 101. <br>☐ Debtor is and elects to be considered a small business under <br>   11 U.S.C. § 1121(e). (optional) | Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |

Statistical/Administrative Information (Estimates only)
- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors <br>(consolidated with affiliates) | 1-15 <br>☐ | 16-49 <br>☐ | 50-99 <br>☐ | 100-199 <br>☐ | 200-999 <br>☐ | 1,000-over <br>☒ | | | |
|---|---|---|---|---|---|---|---|---|---|
| Estimated Assets (consolidated with affiliates) | $0 to <br>$50,000 <br>☐ | $50,001 to <br>$100,000 <br>☐ | $100,001 to <br>$500,000 <br>☐ | $500,001 to <br>$1 million <br>☐ | $1,000,001 to <br>$10 million <br>☐ | $10,000,001 to <br>$50 million <br>☐ | $50,000,001 to <br>$100 million <br>☐ | More than <br>$100 million <br>☒ | |
| Estimated Debts (consolidated with affiliates) | $0 to <br>$50,000 <br>☐ | $50,001 to <br>$100,000 <br>☐ | $100,001 to <br>$500,000 <br>☐ | $500,001 to <br>$1 million <br>☐ | $1,000,001 to <br>$10 million <br>☐ | $10,000,001 to <br>$50 million <br>☐ | $50,000,001 to <br>$100 million <br>☐ | More than <br>$100 million <br>☒ | |

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>New World Pasta Company | Form B1, Page 2 |
|---|---|---|

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location<br>Where Filed: **None** | Case Number:<br>N/A | Date Filed:<br>N/A |
|---|---|---|

### Pending Bankruptcy Case Filed by Any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>See Annex A | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## SIGNATURES

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Exhibit A
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)    Date

### Exhibit C
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

### Signature of Attorney

| X _____<br>Signature of Attorney for Debtor(s)<br><br>Gregg M. Galardi<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Rodney Square, P.O. Box 636<br>Wilmington, Delaware 19899<br>Telephone: (302) 651-3000<br><br>May 10, 2004<br>Date | X *[signature]*<br>Signature of Attorney for Debtor(s)<br><br>Eric L. Brossman<br>Saul Ewing LLP<br>Harrisburg, Pennsylvania 17101<br>2 North Second Street<br>7th Floor<br>Telephone: (717) 257-7500<br><br>May 10, 2004<br>Date |
|---|---|

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *[signature]*
Signature of Authorized Individual

Edward J. Lyons
Printed Name of Authorized Individual

Senior Vice President and Chief Financial Officer
Title of Authorized Individual

May 10, 2004
Date

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C.§ 156.

## ANNEX A - AFFILIATED DEBTORS

On the date hereof, each of the affiliated entities listed below filed in this Court a petition for relief under chapter 11 of the Bankruptcy Code:

1. New World Pasta Company
2. Pasta Acquisition Corp.
3. The Prince Company, Inc.
4. Ronzoni Foods International Corporation
5. NWP Delaware, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
------------------------------- x
In re:                          :
                                :    Chapter 11
NEW WORLD PASTA COMPANY,        :
                                :    Case No. 04-
           Debtor.              :
                                :
------------------------------- x
```

### CONSOLIDATED LIST OF CREDITORS HOLDING LARGEST UNSECURED CLAIMS

Set forth below is a list of creditors holding the largest unsecured claims against New World Pasta Company and its subsidiaries and affiliates that commenced chapter 11 cases (collectively, the "Debtors"), as of approximately April 30, 2004. The information presented in the list below shall not constitute an admission by, nor is it binding on, the Debtors.[1]

The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case and represents the Debtors' best estimate of their largest unsecured claims as of the date aforementioned. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest unsecured claims.

| (1) Name of Creditor and Complete Mailing Address Including Zip Code | (2) Name, telephone number and complete mailing address including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of Claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent unliquidated, disputed or subject to setoff | (5) Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| THE BANK OF NEW YORK 101 BARCLAY STREET, FLOOR 21W NEW YORK, NEW YORK 10286 | THE BANK OF NEW YORK 101 BARCLAY STREET, FLOOR 21W NEW YORK, NEW YORK 10286 ATTN: CORPORATE TRUST TRUSTEE ADMINISTRATION | Indenture trustee for 9.25% Senior Subordinated Notes | | $160,000,000 (aggregate for all Notes) |
| MILLER MILLING COMPANY 7808 CREEKRIDGE CIRCLE SUITE 100 BLOOMINGTON, MN 55439 | MILLER MILLING COMPANY 7808 CREEKRIDGE CIRCLE SUITE 100 BLOOMINGTON, MN 55439 ATTN: JOHN MILLER | trade debt | | 1,897,262.98* |
| U.S DURUM MILLING, INC 7900 VAN BUREN STREET ST. LOUIS, MO 63111 | U.S DURUM MILLING, INC 7900 VAN BUREN STREET ST. LOUIS, MO 63111 ATTN: JAMES MEYER | trade debt | | $1,137,648.91 |

---

[1] The Debtors will file the schedules of assets and liabilities (the "Schedules") in accordance with 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007. The information contained in the Schedules may differ from that set forth below. Furthermore, the Debtors have not yet identified which of their largest unsecured claims, if any, are contingent, unliquidated, disputed, and/or subject to setoff. The Debtors reserve the right to identify any of their claims listed in the schedules, as contingent, unliquidated, disputed, and/or subject to setoff, as appropriate. Inclusion of a claim on this consolidated list is not an admission that the amounts are or are not contingent, unliquidated, disputed, and/or subject to setoff nor an admission that the amounts listed are owed by more than one of the Debtors.

\* The Debtors believe that a portion of this debt is secured.

| (1)<br>Name of Creditor and Complete<br>Mailing Address Including Zip Code | (2)<br>Name, telephone number and complete mailing address including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3)<br>Nature of Claim<br>(trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent unliqui-dated, dis-puted or subject to setoff | (5)<br>Amount of claim<br>(if secured also state value of security) |
|---|---|---|---|---|
| CARAUSTAR CUSTOM PACKAGING<br>50 CHESTNUT RIDGE ROAD<br>MONTVALE, NJ 07645 | CARAUSTAR CUSTOM PACKAGING<br>50 CHESTNUT RIDGE ROAD<br>MONTVALE, NJ 07645<br>ATTN: STEVEN VIZOUKIS | trade debt | | $1,001,571.69 |
| DAKOTA GROWERS PASTA COMPANY<br>ONE PASTA AVENUE<br>CARRINGTON, ND 58421 | DAKOTA GROWERS PASTA COMPANY<br>ONE PASTA AVENUE<br>CARRINGTON, ND 58421<br>ATTN: TIM DODD | trade debt | | $599,394.34 |
| ACOSTA SALES AND MARKETING CO.<br>P.O. BOX 5517008<br>6630 SOUTHPOINT PARKWAY<br>JACKSONVILLE, FL 32216 | ACOSTA SALES AND MARKETING CO.<br>P.O. BOX 5517008<br>6630 SOUTHPOINT PARKWAY<br>JACKSONVILLE, FL 32216<br>ATTN: LEGAL DEPARTMENT | trade debt | | $583,512.98 |
| MID-VALLEY PACKAGING<br>PO BOX 96<br>FOWLER, CA 93625 | MID-VALLEY PACKAGING<br>PO BOX 96<br>FOWLER, CA 93625<br>ATTN: TOM HUDSON | trade debt | | $300,128.02 |
| ROCK-TENN COMPANY<br>2400-R BROENING HIGHWAY<br>BALTIMORE, MD 21224 | ROCK-TENN COMPANY<br>2400-R BROENING HIGHWAY<br>BALTIMORE, MD 21224<br>ATTN: JOHN SHERROD | trade debt | | $218,370.52 |
| INFORMATION RESOURCES, INC<br>4766 PAYSHERE CIRCLE<br>CHICAGO, IL 60674 | INFORMATION RESOURCES, INC<br>4766 PAYSHERE CIRCLE<br>CHICAGO, IL 60674<br>ATTN: LEGAL DEPARTMENT | trade debt | | $216,108.66 |
| PEOPLESOFT USA, INC<br>DEPARTMENT 770<br>DENVER, CO 80271-0770 | PEOPLESOFT USA, INC<br>DEPARTMENT 770<br>DENVER, CO 80271-0770<br>ATTN: LEGAL DEPARTMENT | trade debt | | $200,855.38 |
| CP FLEXIBLE PACKAGING<br>15 GRUMBACHER ROAD<br>YORK, PA 17402 | CP FLEXIBLE PACKAGING<br>15 GRUMBACHER ROAD<br>YORK, PA 17402<br>ATTN: MARK PAULAS | trade debt | | $187,819.47 |
| KENDALL PACKAGING<br>633 WEST WISCONSIN AVENUE<br>MILWAUKEE, WI 53203 | KENDALL PACKAGING<br>633 WEST WISCONSIN AVENUE<br>MILWAUKEE, WI 53203<br>ATTN: ERIC ERICKSON | trade debt | | $173,806.30 |
| SHILLINGTON BOX CO<br>3501 TREE COURT INDUSTRIAL BLVD<br>ST. LOUIS, MO 63122 | SHILLINGTON BOX CO<br>3501 TREE COURT INDUSTRIAL BLVD<br>ST. LOUIS, MO 63122<br>ATTN: ROBERT E. COHEN | trade debt | | $168,428.42 |
| ASSOCIATED FOOD STORES<br>1800 ROCKAWAY AVE, SUITE 200<br>HEWLETT, NY 11557 | ASSOCIATED FOOD STORES<br>1800 ROCKAWAY AVE, SUITE 200<br>HEWLETT, NY 11557<br>ATTN: LEGAL DEPARTMENT | trade debt | | $165,744.96 |

| (1)<br>Name of Creditor and Complete Mailing Address Including Zip Code | (2)<br>Name, telephone number and complete mailing address including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3)<br>Nature of Claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent unliqui- dated, dis- puted or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| CAPITA TECHNOLOGIES, INC<br>700 SOUTH HENDERSON ROAD<br>SUITE 101<br>KING OF PRUSSIA, PA 19406 | CAPITA TECHNOLOGIES, INC<br>700 SOUTH HENDERSON ROAD<br>SUITE 101<br>KING OF PRUSSIA, PA 19406<br>ATTN: HAROLD FLEISHER | trade debt | | $152,489.78 |
| VALASSIS COMMUNICATIONS, INC<br>19975 VICTOR PARKWAY<br>LIYONIA, MI 48152 | VALASSIS COMMUNICATIONS, INC<br>19975 VICTOR PARKWAY<br>LIYONIA, MI 48152<br>ATTN: JILL KIRKWOOD | trade debt | | $150,691.86 |
| AGRUSA, INCORPORATED<br>117 FORT LEE ROAD<br>PO BOX 267<br>LEONIA, NJ 07605 | AGRUSA, INCORPORATED<br>117 FORT LEE ROAD<br>PO BOX 267<br>LEONIA, NJ 07605<br>ATTN: JILL BUSH, CFO | trade debt | | $149,098.06 |
| INLAND CONTAINER<br>136 EAST YORK STREET<br>PO BOX 710<br>BIGLERVILLE, PA 17307 | INLAND CONTAINER<br>136 EAST YORK STREET<br>PO BOX 710<br>BIGLERVILLE, PA 17307<br>ATTN: THOMAS ALLWEIN | trade debt | | $139,041.46 |
| COOKING LIGHT MAGAZINE<br>2100 LAKESHORE DRIVE<br>BIRMINGHAM, AL 35209 | COOKING LIGHT MAGAZINE<br>2100 LAKESHORE DRIVE<br>BIRMINGHAM, AL 35209<br>ATTN: LEGAL DEPARTMENT | trade debt | | $133,276.50 |
| RMI PROMOTIONS GROUP<br>9060 MAIN STREET<br>CLARENCE, NY 14031 | RMI PROMOTIONS GROUP<br>9060 MAIN STREET<br>CLARENCE, NY 14031<br>ATTN: DREW CERZA | trade debt | | $118,500.00 |

I, Edward J. Lyons, Senior Vice President and Chief Financial Officer of New World Pasta Company, the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct, to the best of my knowledge, information and belief.

Date: May 10, 2004

Signature: *[signature]*
Edward J. Lyons
Title: Senior Vice President and Chief Financial Officer

# CERTIFICATE OF SECRETARY AS TO RESOLUTIONS
## ADOPTED BY THE BOARD OF DIRECTORS OF NEW WORLD PASTA COMPANY

The undersigned, Cary A. Metz, being the duly elected Secretary of New World Pasta Company, a Delaware Corporation (the "Company"), does hereby certify that the Board of Directors of the Company duly adopted the following resolutions at a meeting held on May 7, 2004 and that such resolutions have not been repealed or amended and remain in full force and effect:

RESOLVED that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, stockholders and other interested parties, that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby; and it is further

RESOLVED that Edward J. Lyons, Senior Vice President and Chief Financial Officer, be, and hereby is, appointed by the Board of Directors of the Company as authorized signatory in connection with the chapter 11 proceedings authorized herein (the "Authorized Signatory"); and it is further

RESOLVED that the officers of the Company, or any one of them (collectively, the "Officers"), and the Authorized Signatory, be and each hereby is, authorized and directed on behalf of the Company to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Middle District of Pennsylvania, or such other jurisdiction as may be appropriate (in such case after consultation with the Company's legal advisors), in such form and at such time as the Officers, or any one of them executing said petition on behalf of the Company shall determine; and it is further

RESOLVED that the Officers and the Authorized Signatory, or any one of them be, and each hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all action which they deem necessary and proper in connection with the chapter 11 case, including any and all action necessary or proper in connection with obtaining debtor-in-possession financing, with a view to the successful prosecution of such case; and it is further

RESOLVED, that the Company as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code be, and it hereby is, authorized to borrow funds from a lender or lenders as the Authorized Signatory or any Officer of the Company deems appropriate (a "DIP Facility"), and obtain the use of cash collateral in such amounts, from such lender or lenders

and on such terms as may be approved by any one or more of the Officers or the Authorized Signatory as reasonably necessary for the continuing conduct of the affairs of the Company and grant security interests in and liens upon all or substantially all of the Company's assets as may be deemed necessary by any one or more of the Officers or the Authorized Signatory in connection with such borrowings or the use of such cash collateral; and it is further

RESOLVED that the Officers and the Authorized Signatory, or any one of them be, and each hereby is, authorized and empowered to execute, deliver, and perform for and on behalf of the Company, as debtor and debtor-in-possession, any documents, agreements, instruments, financing statements, undertakings and certificates necessary or appropriate to facilitate the transactions contemplated by the foregoing resolution, including, but not limited to, any notes evidencing the obligations of the Company under a DIP Facility, any mortgages, pledge or hypothecation agreements or any other security agreements evidencing the liens and security interests granted to the lenders under a DIP Facility, and any modifications or supplements thereto, all such materials to be in the form approved by any Officer or Authorized Signatory, the execution and delivery thereof to be conclusive evidence of such approval, containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by the Officer or Authorized Signatory so acting; and it is further

RESOLVED that the Officers and the Authorized Signatory be, and each of them hereby is, authorized and empowered for and in the name and on behalf of the Company to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions; and it is further

RESOLVED that the Officers and Authorized Signatory, or any one of them be, and each hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to take any and all action which they deem necessary and proper with regard to the Company's foreign subsidiaries and affiliates including, but not limited to, sale, liquidation, reorganization and institution of insolvency or other proceedings as applicable in the particular jurisdictions; and it is further

RESOLVED that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, Wilmington, Delaware 19801 and its affiliated law practice entities be, and hereby are, employed under a general retainer as attorneys for the Company in the chapter 11 case; and it is further

RESOLVED that the law firm of Saul Ewing LLP, 2 North Second Street, Harrisburg, Pennsylvania 17112 and its affiliated law practice entities be, and hereby are, employed under a general retainer as attorneys for the Company in the chapter 11 case; and it is further

RESOLVED that the investment banking firm of Rothschild Inc., 1251 Avenue of the Americas, New York, New York 10020 be, and hereby is, employed as financial advisors

and investment bankers to the Company in the chapter 11 case; and it is further

RESOLVED, that the terms, conditions and provisions of a certain Secured, Super-Priority Debtor-in-Possession Credit Agreement (the "Credit Agreement"), dated as of May __, 2004 among the New World Pasta Company, a Delaware corporation, as borrower (in such capacity, the "Company"), as a debtor and a debtor-in-possession, Pasta Acquisition Corp., The Prince Company, Inc., Ronzoni Foods International Corporation and NWP Delaware, LLC, each as a debtor and a debtor-in-possession, the lenders signatory thereto from time to time (the "Lenders") and Black Diamond Commercial Finance, LLC, a limited liability company organized under the laws of the U.S. Virgin Islands, as agent for the Lenders, which terms and provisions have been summarized to the Board of Directors of the Company, and the transactions contemplated thereby be, and they hereby are, approved and adopted in all respects, and that the proper officers of the Company be, and each of them hereby is, authorized to (a) execute and deliver, in the name and on behalf of the Company, the Credit Agreement and any other documents required in connection therewith in substantially the form hereby approved with such changes therein (substantial or otherwise) as the officer executing the same shall, by execution thereof, approve and (b) perform the obligations and carry out the duties of the Company thereunder and under all such other documents required to be executed and delivered in connection therewith; and it is further

RESOLVED, that the Officers of the Company be, and each of them, with full authority to act without the others, hereby is, authorized, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates and undertakings, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED that all acts lawfully done or actions lawfully taken by any Officer or Authorized Signatory in connection with the chapter 11 case, any debtor-in-possession financing, or any further action to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

RESOLVED, that all actions taken by the Officers of the Company prior to the adoption of these resolutions in furtherance of the foregoing resolutions, including, without limitation, the execution and delivery on behalf of the Corporation of any and all instruments, documents and certificates, are hereby ratified and approved in all respects.

IN WITNESS WHEREOF, I have executed this Certificate as of May 7, 2004.

_/s/ Cary A. Metz_
Cary A. Metz, Secretary

376627.07-Wilmington S1A