**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br>NEW WORLD PASTA COMPANY, PASTA ACQUISITION CORP., THE PRINCE COMPANY, INC., RONZONI FOODS INTERNATIONAL CORPORATION, and NWP DELAWARE, LLC,<br>                        Debtors-in-Possession | Chapter 11<br>Case No. 1-04-bk-02817 (MDF)<br>Jointly Administered |

**ORDER APPROVING SALE OF SURPLUS REAL PROPERTY IN WINCHESTER, VIRGINIA, FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. § 363**

AND NOW, upon consideration of Debtors' Motion for Order Approving Sale of Surplus Real Property in Winchester, Virginia, Free and Clear of Liens, Claims, and Other Interests (the "Sale Motion"), adequate notice thereof having been given and the Court having conducted a hearing and considered any objections which have been filed and any competing bids which have been submitted,

THE COURT HEREBY FINDS AS FOLLOWS:

A. In the Sale Motion, the Debtors propose to convey certain real property located at 300 Park Center Drive, Winchester, Frederick County, Virginia 22603, consisting of approximately 32.34 acres of vacant, undeveloped land (the "Real Property").

B. Following notice of the Sale Motion, submission of any higher and better offers, and consideration of all competing offers at a hearing, pursuant to the Order Establishing Sale Procedures and Approving Form and Scope of Notice for Sale of Debtors' Surplus Real Property in Winchester, Virginia, Free and Clear of Liens, Claims, and Other Interests dated May 5, 2005

(the "Sale Procedures Order"), the following is hereby determined to constitute the highest and best offer for the purchase of the Real Property:

| | |
|---|---|
| Purchaser (the "Purchaser"): | Fort Roc Realty, LLC |
| Sale Price: | $1,800,000.00 |

C. The sale of the Real Property is in the best interests of the Debtors, their estates, and their creditors, and satisfies the requirements for a sale pursuant to 11 U.S.C. § 363. The sale is supported by sound business justifications. The sale is necessary at this time and will result in greater distribution to unsecured creditors than any other course of action. No insiders of the Debtors will receive any benefit from or on account of the sale.

D. The purchase of the Real Property by the Purchaser constitutes a purchase in good faith for fair and reasonable value within the meaning of 11 U.S.C. § 363(m) and *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3d Cir. 1996). The Purchaser has agreed to purchase the Real Property as part of an arm's length transaction and without any improper incentives for the Debtors' management. The Purchaser has no connection to the Debtors other than the transaction approved herein, except as disclosed in the Sale Motion.

E. Good cause exists for such sale and approval, and the Debtors and the Purchaser have acted in good faith with respect to such sale.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Sale Motion is approved. The Debtors may convey the Real Property to the Purchaser for the consideration set forth above.

2. The transfer of the Real Property by the Debtors to the Purchaser pursuant to this Order is a legal, valid and effective transfer of the Real Property.

3. The transfer of the Real Property by the Debtors to the Purchaser pursuant to this Order vests the Purchaser with good title to the Real Property, including good and marketable title to any and all leases and executory contracts assumed by the Debtors and assigned to the Purchaser, free and clear of all interests in such property.

4. The consideration received by the Debtors hereunder constitutes value, and is the highest and best offer received by the Debtors for the Real Property.

5. The Real Property shall be transferred to the Purchaser free and clear of all interests. Accordingly, the Purchaser shall not be liable for any claims against the Debtors unless expressly provided herein, and the transfer of the Real Property by the Debtors to the Purchaser does not and will not subject the Purchaser (or any of its affiliates) to any liability as a successor of the Debtors. The Court finds as an integral part of this Order that the Purchaser is not continuing the business of the Debtors and shall not be deemed to be continuing the Debtors' business for any purpose.

6. Pursuant to 11 U.S.C. §§ 363(f) and 105(a), the Real Property shall be conveyed free and clear of any and all interests, including all liens, claims, security interests, mortgages, pledges, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, successor, product, environmental, tax and other liabilities and claims against the Debtors or their property, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent,

liquidated or unliquidated, matured or unmatured, known or unknown and interests of any kind, including without limitation (a) state and local taxes on real estate and transfers thereof, of any kind or nature, (b) claims of secured creditors, and (c) claims of any other lien claimant unless expressly provided herein. Each state or local recorder's office or other state or local entity charged with recording, docketing, or organizing the filing of any liens, claims, and security interests affecting the Real Property, whether against persons or real or personal property, is hereby authorized and directed to forthwith mark all liens, claims, and security interests satisfied and/or deem all liens, claims, and security interests terminated and to take any and all steps necessary or appropriate under local or state law or practice to accomplish the satisfaction and/or termination of the liens, claims, and security interests. Further, any party asserting a lien on the Real Property as of closing shall execute any documents reasonably required by Purchaser to evidence the satisfaction and termination of any such liens on the Real Property.

7. All valid and enforceable liens and interests in and against the Real Property for liabilities not assumed by the Purchaser shall attach to the proceeds of sale in order of priority, and shall follow the proceeds into the hands of the distributee as if the funds had not been distributed to the extent that the Court determines that the holder of such lien has priority over the rights of the person receiving distribution.

8. The Court shall retain jurisdiction with respect to any matter, issue, claim or controversy arising out of or resulting from the Sale Motion, this Order, the sale of the Real Property, or any of the transactions contemplated thereby or associated therewith, including any matter, issue, claim or controversy relating to the Purchaser's right to have received or receipt of

the Property free and clear of any and all interests, liens, claims, encumbrances, and security interests, as provided in this Order.

9. The sale of the Real Property pursuant to this Order represents a good faith transaction which shall be entitled to the protection afforded by 11 U.S.C. § 363(m) in the event of a reversal or modification on appeal of this Order.

10. If the Purchaser approved in this Order is a third party unrelated to Fort Roc Realty, LLC (the "Stalking Horse Purchaser"), and the provisions of Section 6.2 of the Sale Agreement attached to the Sale Motion as Exhibit A ("Section 6.2") are otherwise satisfied, the Stalking Horse Purchaser may submit a request for Expense Reimbursement which the Court shall consider pursuant to Section 6.2.

11. The provisions of this Order are non-severable and mutually dependant.

12. The terms of this Order shall be binding upon the Debtors, their creditors, parties with any claims against the Debtors, and other parties in interest, and any successors of such parties, including any trustee or examiner appointed in this case or any subsequent or converted case of the Debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code.

BY THE COURT,

*Mary D. France*
Bankruptcy Judge

Date: June 2, 2005

*This electronic order is signed and filed on the same date.*